[DO NOT PUBLISH]

In the

# United States Court of Appeals

### For the Eleventh Circuit

_____

Nos. 20-12361; 20-12368

Non-Argument Calendar

_____

IN RE: KK-PB FINANCIAL, LLC,

Debtor,

KK-PB FINANCIAL, LLC,

Plaintiff-Appellant,

*versus*

160 ROYAL PALM, LLC,

Defendant-Appellee.

———————————

Appeals from the United States District Court
for the Southern District of Florida
D.C. Docket No. 9:19-cv-80342-RLR; 9:20-cv-80216-RLR

———————————

Before JORDAN, ROSENBAUM, and NEWSOM, Circuit Judges.

PER CURIAM:

KK-PB Financial ("KK-PB") appeals from an order of the district court dismissing two of its bankruptcy appeals as equitably and constitutionally moot. Largely for the reasons stated in the district court's order, *see* D.E. 67 in Case No. 19-cv-80342-RLR, we affirm.

The two bankruptcy appeals filed by KK-PB are from (1) the bankruptcy court's confirmation of the debtor's bankruptcy plan, and (2) the bankruptcy court's determination that KK-PB's claim as a creditor was fraudulent, and therefore valued at zero. The district court concluded that the two appeals were moot under Eleventh Circuit precedent for a number of reasons. *See generally In re Club Associates, Inc.*, 956 F.2d 1065, 1069 n.11 (11th Cir. 1992) (setting out relevant factors in equitable mootness analysis).

First, KK-PB had not obtained a stay of either order—it had unsuccessfully sought a stay of the valuation order at the district court and the Eleventh Circuit and had unsuccessfully sought a stay of the confirmation order in the district court but not the Eleventh Circuit. The district court concluded that this factor did not weigh

strongly in favor of either side but tended to weigh in favor of dismissal due to KK-PB's failure to seek a stay of the confirmation order in the Eleventh Circuit. *See* D.E. 67 at 3-4.

Second, the district court concluded—as the parties had agreed—that the bankruptcy plan had been substantially consummated under 11 U.S.C. § 1101. The debtor's property (the hotel) had been transferred to a third party; the debtor had disbursed almost $32 million to creditors; the debtor had paid $100,000 to the Town of Palm Beach; and the debtor had paid a large amount of fees to the U.S. Trustee for the management of the property. *See* D.E. 67 at 4-5.

Third, the district court concluded that the relief sought by KK-PB—permitting its claim to be included in a class of allowed secured claims and striking a certain contingent lien—could not be granted because it was contrary to law. As to the merits of KK-PB's claim, the district court pointed out that the Eleventh Circuit had already rejected KK-PB's contention when it affirmed the sale of the debtor's property in 2019. *See In re 160 Royal Palm*, 785 F. App'x 829 (11th Cir. 2019). With respect to the lien issue, the district court explained that striking the contingent lien (which would activate if the Supreme Court reversed the sale of the property) would not aid KK-PB and would instead harm the purchaser of the property. *See* D.E. 67 at 5-6.

Applying de novo review, *see Bennett v. Jefferson County*, 899 F.3d 1240, 1246 (11th Cir. 2018), we find no error. For example, with respect to consummation, the parties agreed that the plan has

been substantially consummated. The fact that the debtor's plan did not involve unusually complex transactions does not bar a finding of equitable mootness. *See In re Hazon*, 10 F.4th 1244, 1255 (11th Cir. 2021). And we are not convinced by KK-PB's argument that its so-called "narrowly-tailored remedy" would be easy to implement. In fact, KK-PB itself suggests that it would have to pursue the debtor's bankruptcy counsel for a portion of their fees. *See* Appellant's Br. at 17.

KK-PB may be correct in arguing that the district court conflated the merits with equitable mootness when it reasoned that the relief sought was contrary to law. Be that as it may, KK-PB does not satisfactorily explain why its requested relief (which potentially runs in the millions of dollars) would not create problems for others.

Given that the appeal of the confirmation order is equitably moot, KK-PB's appeal of the valuation order is constitutionally moot. The confirmed plan, which stands, is binding on all parties and payments contrary to the plan are prohibited. *See* 11 U.S.C. § 1141(a). There is no way to modify the plan, as KK-PB suggests, if the appeal of the plan's confirmation is equitably moot. *See Mission Product Holdings, Inc. v. Tempnology, LLC*, 139 S.Ct. 1652, 1660 (2019) (case is moot "only if it is impossible for a court to grant any effectual relief whatever to [a party] assuming it prevails") (internal quotation and citation omitted).

AFFIRMED.